IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Criminal Case No.  22-CR-0080-RMR

UNITED STATES OF AMERICA,

    Plaintiff

    v.

MARIA DAVIS-CONCHIE,

    Defendant.

---

### OBJECTIONS TO THE PRESENTENCE INVESTIGATION

---

Comes now the Defendant, by and through counsel, John F. Sullivan of the Law Office of John F. Sullivan, III, PC, and, pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, notes the following objections to the presentence investigation report [PSI]. ECF#74:

1) ¶18.  There has been an oft repeated allegation that Ms. Davis-Conchie had a "connection" with Douglas Floyd, who was in fact a narcotics distributor, and put the juveniles in contact with Mr. Floyd.  Mr. Floyd did deal drugs, but the initial connection was a long-term friendship between Mr. Floyd and Ms. Davis-Conchie which was not based upon drug distribution.  Juvenile #1 knew Mr. Floyd for many years before narcotics became involved in the relationship.

2) ¶44.  Ms. Davis-Conchie objects to being considered part of any conspiracy to distribute pills containing fentanyl.

3) ¶51.  Ms. Davis-Conchie denies ever giving fentanyl to Juveniles #1, #2, or #3.

4) ¶64. Ms. Davis-Conchie objects to a proposed two-level increase for abuse of position of trust or use of a special skill. Application Note One of USSG §3B1.3 defines public or private trust as "…a position of public or private trust characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. For this adjustment to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense." This adjustment applies mostly to employment or fiduciary relationships.

5) "U.S.S.G. § 3B1.3 provides a sentence enhancement for the abuse of a position of trust or the use of a special skill which 'significantly facilitated the commission or concealment of [an] offense." U.S.S.G. § 3B1.3. For [a] Defendant to be subject to the enhancement, the court must find two things: (1) Defendant possessed a special skill or a position of trust; and (2) Defendant used that skill or abused that position to significantly facilitate the commission or concealment of the offense.'" *United States v. Burt*, 134 F.3d 997, 998 (10th Cir. 1998)

6) The juveniles involved in this Xanax incident were obtaining narcotics from other sources, as was Ms. Davis-Conchie. "Drug-dealing skills that exhibit no specialized knowledge beyond that typically possessed by any individual involved in drug dealing will not support a section 3B1.3 enhancement." *Burt*, 134 F.3d at 1000.

Respectfully submitted this the 2nd day of November 2023

                                            s/John F Sullivan

Law Office of John F. Sullivan, III, PC
1745 Shea Center Drive, 4th Floor
Littleton, CO 80129
(303) 748-4343

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of these objections on the party below on this the 2nd day of November 2023 via ECF:

Mr. Peter Andrew McNeilly,
Ms. Alyssa Christine Mance,
Assistant United States Attorneys

s/John F. Sullivan