IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Criminal Case No.  22-cr-00080-RMR

UNITED STATES OF AMERICA,

    Plaintiff

    v.

3.  MARIA DAVIS-CONCHIE,

    Defendant.

**OBJECTION TO THE GOVERNMENT'S MOTION FOR AN UPWARD DEPARTURE OR IN THE ALTERNATIVE, FOR AN UPWARD VARIANCE [DOC. #250]**

Ms. Davis-Conchie, by and through John F. Sullivan, of the Law Office of John F. Sullivan, III, PC, respectfully notes for the record her objection to the Government's Motion For An Upward Departure Or, In The Alternative, For An Upward Variance.  [Motion].  In support of her objection the Defendant offers the following:

1) Ms. Davis-Conchie objects specifically to portions of the allegations cited by the government in its Motion requesting 120 months as a sentence.

2) The government has cited testimony from a recent trial of Juvenile #3 who is alleging that Ms. Davis-Conchie "…obtained fentanyl pills for her son and his friends."  Motion, p.5.  The government also mentions that Doug Floyd's statements confirm "…the defendant [Ms. Davis-Conchie] linked him up with her son so Floyd could sell her son fentanyl pills."  Motion, p.7.

3) Ms. Davis-Conchie asserts that she did not provide fentanyl to her son or his friends.

4) There were two juveniles (#2 and #3) who gave statements to the police regarding their drug use and the involvement of the three co-defendants, Doug Floyd, Marlene McGuire, and Ms. Davis-Conchie. Juvenile #3 testified at trial and Juvenile #2 did not. Notably, Juvenile #2 said in his statements, multiple times, that Ms. Davis-Conchie had nothing to do with the fentanyl distribution. The police persisted in asking him the same question about Ms. Davis-Conchie's involvement until he became angry with the repeated inquiries, and they stopped.

5) The government has presented the same text messages in their Motion that they presented in two prior plea agreements to demonstrate that somehow Ms. Davis-Conchie was distributing fentanyl. Counsel hired an investigator to track down locations, witnesses, and anything else that could shed light on the meaning of these text messages and was unable to find any corroboration that they were linked to Ms. Davis-Conchie's distributing fentanyl.

6) One text message which was omitted from the Motion was one that Ms. Davis-Conchie wrote to her son on January 29, 2022, where she stated: "I love you too my love please be VERY careful and make better choices everyone partying on anything except marijuana is basically taking a chance on dying every time they smoke or take a pill these days."

7) There is no question that Doug Floyd lied repeatedly in his first statement to the police. Juveniles #2 and #3's statements were used by the police in a search warrant affidavit on February 16, 2022, with the cautionary note: "…the court should be aware that (Juveniles #2 and #3) provided false or incomplete information to law enforcement in the early stages of the investigation." SW_0000011.

8) Ms. Davis-Conchie submits that the allegations about her distributing fentanyl are not credible and should not be the basis for an upward departure.

WHEREFORE, based upon the above, Ms. Davis-Conchie respectfully requests this Court deny the Government's motion for an upward departure.

Respectfully submitted this the 21st day of November 2023

s/John F Sullivan
Law Office of John F. Sullivan, III, PC
1745 Shea Center Drive, 4th Floor
Littleton, CO 80129
(303) 748-4343

## CERTIFICATE OF SERVICE

I certify that I have served a copy of these Objections on the parties below on this the 21st day of November 2023 via ECF:

Mr. Peter McNeilly,
Ms. Alyssa Mance,
United States Attorney's Office

s/John F. Sullivan
